## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| WADLEIGH INDUSTRIES, INC. d/b/a OFFSHORE EQUIPMENT SOLUTIONS, | § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION H-13-3071 |
| THE DRILLING RIG ATLANTIC TIBURON 2, her engines, tackle, apparel, and appurtenances, etc., *in rem*, and ATLANTIC MARINE SERVICES, B.V., *in personam*, | § § § § § | **ADMIRALTY** Rule 9(h) |
| *Defendants*. | § § § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff Wadleigh Industries, Inc., d/b/a Offshore Equipment Solutions' ("Wadleigh") motion for default judgment against defendant Atlantic Marine Services, B.V. ("AMS"), *in personam*. Dkt. 6. The court, having considered the motion, attached affidavit, other relevant documents in the record, and the applicable law, is of the opinion that the motion should be GRANTED and that default judgment should be ENTERED.

### I. BACKGROUND

According to Wadleigh's verified complaint, AMS contracted with Wadleigh for the repair of a crane and other appurtenances onboard a vessel owned by AMS, the *Atlantic Tiburon 2*. Dkt. 1. Wadleigh asserts that the invoices for the repairs totaled $125,257.98, and that it submitted these invoices to AMS. *Id.* AMS allegedly did not pay the invoices, and Wadleigh filed this lawsuit to recover the amount due under the invoices, interest, costs, and attorneys' fees. *Id.*

AMS is a business corporation organized and existing under the laws of The Netherlands, and its principal place of business is in The Netherlands. *Id.* The *Atlantic Tiburon 2* was, on Wadleigh's information and belief, in the Southern District of Texas when Wadleigh filed its complaint. *Id.* Wadleigh did not have the vessel arrested. It did, however, serve the summons and complaint, along with certified Dutch translations, to AMS pursuant to article 10(b) of the Hague Service Convention of 1965 on November 13, 2013. Dkt. 4. The summons advised AMS that it must serve an answer or motion to dismiss within twenty-one days of service of the summons or default would be entered for the relief demanded in the complaint. *Id.* The date by which AMS was required to respond was December 4, 2013. *See* Dkt. Entry 4. AMS failed to respond to the complaint as required.

Wadleigh filed a motion for default against AMS, *in personam*, on February 17, 2014. Dkt. 6. Wadleigh sent the motion to AMS via U.S. registered mail. Dkt. 7. Wadleigh filed an affidavit regarding its attorneys' fees and costs, and it provided information regarding the amount AMS owed on the invoices in a verified complaint. Dkts. 1, 6-1.

## II. LEGAL STANDARD

### A.  Default Judgment

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Under Rule 55(b)(2), a party may apply for the court to enter a default judgment, and the "court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R.

Civ. P. 55(b)(2).  Local Rule 5.5 requires that motions for default judgment "be served on the defendant-respondent by certified mail (return receipt requested)."  S.D. Tex. L.R. 5.5.  A court may not enter a default judgment against a minor or incompetent person unless the person is represented by a general guardian, conservator, or other like fiduciary who has appeared.  Fed. R. Civ. P. 55(b).  Additionally, a court may not enter a default judgment if the plaintiff does not file an affidavit regarding the defendant's military status.  50 App. U.S.C. § 521(1).  If the defendant is in the military service, "the court may not enter a judgment until after the court appoints an attorney to represent the defendant."  *Id.* § 521(2).  A default judgment is a "drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."  *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).  "The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver."  *Id.*

**B.     Service Pursuant to the Hague Convention**

Article 15 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention") states:

> Where a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and the defendant has not appeared, judgment shall not be given until it is established that –
> a) the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or
> b) the document was actually delivered to the defendant or to his residence by another method provided for by this Convention, and that in either of these cases the service or the delivery was effected in sufficient time to enable the defendant to defend.

Convention for Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, art. 15, *done* Nov. 15, 1965, 20 U.S.T. 361 (entered into force Feb. 10, 1969); *see Marcus*

*Food Co. v. Dipanfilo*, No. 09-1261-EFM, 2010 WL 3946314, at *5 (D. Kansas Oct. 5, 2010) (quoting the Hague Convention in a similar case).

### III. ANALYSIS

The certificate of service filed by Wadleigh indicates that AMS was served pursuant to Article 10(b) of the Hague Convention.  Dkt. 4.  Article 10(b) provides that, so long as the State of destination does not object, the Convention shall not interfere with "the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination." Hague Convention, *supra*, art. 10(b).  The Netherlands does not object to Article 10(b).  *See* The World Organisation for Cross-border Co-operation in Civil and Commercial Matters, Hague Conference on Private International Law, Authorities (Netherlands - Central Authority and Practical Information),  http://www.hcch.net/index_en.php?act=authorities.details&aid=37  (last  updated Aug. 7, 2009).  The court therefore finds that AMS was adequately served under the terms of the Hague Convention.

Because AMS was served under the provisions of the Hague Convention, under Article 15, a default judgment may be entered so long as AMS was served "in sufficient time to enable the defendant to defend."  Hague Convention, *supra*, art. 15.  AMS received due notice that it had twenty-one days to respond to Wadleigh's complaint.  Dkt. 4.  More than three months have passed from the date AMS was required to respond, and AMS has not entered an appearance or responded in any way.  The court finds that AMS had more than a sufficient amount of time to respond and failed to do so.

The court additionally finds that AMS is not a minor, not incompetent, and not engaged in active duty military service.  As far as service of the motion for default under the local rules,

4

Wadleigh sent the motion for default via U.S. registered mail rather than via certified mail return receipt requested, presumably because certified mail return receipt requested is unavailable for international deliveries. *See* Dkt. 7. The court finds that since certified mail is unavailable, registered mail is an adequate substitute *in this case*, and Wadleigh's delivery of the motion via international registered mail was sufficient to ensure notice.

Thus, because AMS was served with process, failed to respond, is not a minor, incompetent, or engaged in military service, and the means of notice to AMS of the motion for default was sufficient, under Article 15 of the Hague Convention and pursuant to Federal Rule of Civil Procedure 55(b) and the local rules of the Southern District of Texas, it is appropriate to enter a default judgment against AMS. Wadleigh's motion for default is therefore GRANTED.

Wadleigh contends in its verified complaint that the amount due on the invoices is $125,257.98. Dkt. 1. "Allegations in a verified complaint may serve as competent summary judgment evidence." *Stauffer v. Gearhart*, 741 F.3d 574, 581 (5th Cir. 2014). The court thus finds that Wadleigh is entitled to recover $125,257.98 in damages, along with prejudgment and post-judgment interest. "[I]n maritime cases the award of prejudgment interest is the rule, rather than the exception, and the trial court has discretion to deny prejudgment interest only where peculiar circumstances would make such an award inequitable." *Corpus Christi Oil & Gas Co. v. Zapata Gulf Marine Corp.*, 71 F.3d 198, 204 (5th Cir. 1995). "Setting the interest on a judgment is within the trial court's broad discretion," and "admiralty courts may look to reasonable guideposts indicating a fair level of compensation." *Reeled Tubing, Inc. v. M/V Chad G*, 794 F.2d 1026, 1029 (5th Cir. 1986) (relying, in part, on *Todd Shipyards Corp v. Auto Transportation, S.A.*, 763 F.2d 745, 753 (5th Cir. 1985)). As far as post-judgment interest, under 28 U.S.C. § 1961, "[i]nterest shall be allowed on any money judgment in a civil case recovered in district court, . . . [and it shall be]

calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961(a).  The current post-judgment interest rate is 0.12% per annum, and the court uses this statutory post-judgment interest rate as a reasonable guidepost for the pre-judgment interest.  Thus, Wadleigh is entitled to pre-judgment interest at the rate of 0.12% per annum, from the date the invoice was initially due until the date of judgment, and interest from the date of this judgment at the rate of 0.12% per annum until the judgment is paid in full.

Additionally, Wadleigh provides an affidavit indicating that its attorney's fees through the date of the motion for default judgment total $5,152.50, that it incurred a filing fee of $400.00, and fees for services of the summons and complaint pursuant to the Hague Convention of $1,445.00. Dkt. 6-1.  The court finds that these fees and costs are reasonable and necessary.

Wadleigh never had the *Atlantic Tiburon 2* arrested and has not pursued its *in rem* claims. The court therefore *sua sponte* DISMISSES the *in rem* claims WITHOUT PREJUDICE.

### IV. CONCLUSION

Wadleigh's motion for default (Dkt. 6) is GRANTED.  The court hereby ENTERS default against AMS, *in personam*.  Since Wadleigh did not pursue its *in rem* claims against the *Atlantic Tiburon 2*, those claims are DISMISSED WITHOUT PREJUDICE.  The court will enter a final default judgment outlining the damage award concurrently with this order.

Signed at Houston, Texas on March 17, 2014.

Gray H. Miller
United States District Judge

6